IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN EDWARD KUPLEN,           )
                              )
            Petitioner,       )
                              )
      v.                      )        1:14CV78
                              )
FRANK PERRY,                  )
                              )
            Respondent.       )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*.[1] Rule 4 of the Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Further, a writ of habeas corpus may only issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Here Petitioner sets out three potential claims based on a prison disciplinary conviction for leaving his bunk during an inmate count. The first claim alleges that prison

---

[1] Petitioner also filed a supporting brief and exhibits (Docket Entry 3) and a Motion (Docket Entry 4) seeking leave to have the brief and exhibits accepted even though they exceed 20 pages. The Court will grant the Motion seeking leave to file the supporting brief and will consider the brief and exhibits.

officials violated his due process rights by limiting the types of evidence at his disciplinary hearing and by not allowing a fair and impartial hearing. This claim fails on its face because one of Petitioner's own exhibits reveals that, following an appeal of the conviction, prison officials suspended the punishment Petitioner received. (Docket Entry 3, Ex. F.)[2] Consequently, Petitioner suffered no loss of good time that could affect the length of his sentence, nor did the State subject him to any punishment or confinement beyond that contemplated in his original sentence. Accordingly, no due process concerns arose. Gaston v. Taylor, 946 F.2d 340, 343-44 (4th Cir. 1991). Further, to the extent that Petitioner may have concerns that the disciplinary conviction could affect his opportunity for parole, this also states no claim for relief because parole is discretionary in North Carolina. Compare N.C. Gen. Stat. § 15A-1371(d) (allowing Parole Commission to refuse parole based on risk of noncompliance with parole conditions, the fact that release would depreciate the seriousness of a prisoner's crime or promote disrespect for the law, the fact that continued incarceration would increase a defendant's capacity to lead a law-abiding life upon release, or the fact that there is a substantial risk that a defendant may commit future crimes), with Gaston, 946 F.2d at 344 (holding that parole in Virginia is discretionary where the Director of the Virginia Department of Corrections and Parole Board could deny parole based on "subjective evaluations and predictions of future behavior" and "numerous factors" aimed

---

[2] Petitioner later incurred a second disciplinary violation which is the subject of a separate habeas petition in Kuplen v. Perry, 1:14CV109 (M.D.N.C.). However, he reports in that case that the additional violation did not result in the activation of his suspended punishments. (1:14CV109, Docket Entry 3 at 2 n.1.)

at predicting whether a prisoner would lead a law-abiding life if released). Petitioner's due process claim fails on its face and should be dismissed.

Petitioner's next claim is that his suspended punishments constituted cruel and unusual punishments in violation of the Eighth Amendment of the United States Constitution. This claim is frivolous. As just discussed, Petitioner received no punishment beyond that contemplated in his original sentence. Therefore, the disciplinary conviction is not associated with any punishment. This claim should also be dismissed.

Finally, Petitioner claims that prison officials' actions violated his right to equal protection under the law. The exact nature of this claim is difficult to discern from Petitioner's pleadings. However, Petitioner's conviction involved improperly leaving his bunk during a count of the inmates. He argued during his conviction and appeal process, and repeats in this Court, that the unit manager in charge of his prison unit at the time of his conviction interpreted the rules associated with the count somewhat differently than other unit managers with which he was familiar. Therefore, his conduct during the count, while allegedly permissible in other units, was treated as a disciplinary violation in his unit at that time. Even if true, these facts do not state an equal protection violation. To state a claim based on an equal protection violation, Plaintiff must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite

level of scrutiny." Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001).  Here, Petitioner points to no similarly situated prisoners, i.e. prisoners confined in the same unit at the time of his violation who engaged in the same conduct, but were not disciplined by his unit manager.  Therefore, he states no equal protection claim.  Overall, Petitioner states no claim for relief and his entire Petition should be denied.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Petitioner's Motion to Expand Page Limitation (Docket Entry 4) is granted.

IT IS FURTHER ORDERED that the Clerk, at the point a judgment is entered, notify Petitioner of the filing, dismissal, and entry of judgment.

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied and that judgment be entered dismissing the action.

This, the 4th day of April, 2014.

                                            /s/ L. Patrick Auld
                                                 **L. Patrick Auld**
                                    **United States Magistrate Judge**