IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN EDWARD KUPLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CV78 |
| | ) | |
| FRANK PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

On April 4, 2014, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. (Docs. 5 and 6.) Petitioner timely filed objections (Doc. 7) to the Recommendation.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that Petitioner's petition for a

writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 2) is **DENIED**[1]

---

[1] Petitioner alleges that he is entitled to habeas relief under 28 U.S.C. § 2254 as a result of administrative disciplinary proceedings within a state prison. According to the petition, Petitioner was convicted of a "major disciplinary offense" and received a sentence of "30 days seg., 20 hours extra duty, loss 10 days good time, loss privileges." (Petition (Doc. 2) at 1.) Petitioner further alleges that he appealed to the State Prison Director and, as a result, the punishment was modified with all elements suspended for three months; a $10.00 administrative fee was imposed. Petitioner requests relief in that the writ be granted and this court "expunge disciplinary conviction; void Admin. Fee" (id. at 14) and "release petitioner from said unconstitutional proceedings, and reclassify petitioner's custody to status quo [illegible]." (Pet'r's Supporting Br. (Doc. 3) at 6).

Plaintiff's allegations in part challenge the duration of his sentence as a result of the loss of good time credits. As a result, a writ of habeas corpus is the proper manner in which to challenge the state action. However, Petitioner has failed to show any change to the duration of his sentence as a result of his conviction. As explained by the Magistrate Judge, Petitioner has failed to state a Constitutional claim which would support a grant of habeas relief. See Recommendation (Doc. 5) at 1-3; Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also O'Bar v. Pinion, 953 F.2d 74 (4th Cir. 1991). The habeas petition is therefore subject to dismissal.

However, some of Petitioner's claims, as well as the requested relief, may be directed to prison procedures and/or damages that do not affect the length or duration of the sentence as then existing. (See, e.g., Petition (Doc. 2) at 14 ("expunge disciplinary conviction; void Admin. Fee").) Out of an abundance of caution, this habeas petition is dismissed without prejudice as to any claims which should otherwise proceed as 42 U.S.C. § 1983 claims rather than habeas claims to the extent such a claim exists. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims, which . . . could be pressed under § 1983 along with suits challenging the conditions of confinement rather than the fact or length of custody.").

and that this action is dismissed. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 30th day of May, 2014.

                                /s/ William L. Osteen, Jr.
                                United States District Judge