# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN EDWARD KUPLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CV78 |
| | ) | |
| FRANK PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On May 30, 2014, the Court (per Chief United States District William L. Osteen, Jr., adopting the recommendation of the undersigned United States Magistrate Judge) denied Petitioner's Petition brought under 28 U.S.C. § 2254. (Docket Entry 8, 9; see also Docket Entry 5.) On June 27, 2014, the Clerk docketed Petitioner's instant pro se Motion to Alter or Amend Judgment contending that, pursuant to Federal Rule of Civil Procedure 59(e), the Court should alter or amend its Order and Judgment dismissing his Petition. (Docket Entry 10.) Petitioner subsequently filed a document entitled "Motion for Judicial Notice and to be Heard," which asks the Court to provide him a hearing and to engage in fact finding. (Docket Entry 11.)

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Accordingly, Petitioner timely filed his Motion to Alter or Amend Judgment. However, because said Motion merely seeks to

reargue matters he presented (or could have presented) in filings he made prior to entry of judgment (compare Docket Entry 10, with Docket Entries 2 and 3), it does not satisfy the standard for relief under Federal Rule of Civil Procedure 59(e), see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed. 1995))); Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion."). Moreover, given that the Court has properly entered a judgment of dismissal in this case, the Court need not conduct a hearing or engage in any fact finding.

**IT IS THEREFORE RECOMMENDED** that Petitioner's pro se Motion to Alter and Amend Judgment (Docket Entry 10) be denied.

**IT IS FURTHER RECOMMENDED** that Petitioner's pro se Motion for Judicial Notice and to be Heard (Docket Entry 11) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 4, 2014